UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

------------------------------------------------X

HASBRO, INC.,

    Plaintiff,

- against -

PERFECT DEAL, LLC, MARKET POINT
GROUP, LLC, AMIT RAIBI, and
DANIEL COHEN,

    Defendants.

------------------------------------------------X

CASE NUMBER

04-10059 PBS

Rec # 53008
$150

## PLAINTIFF'S REQUEST FOR EXPEDITED DISCOVERY

Pursuant to Rule 34 of the Federal Rules of Civil Procedure and the Local Civil Rules of the United States District Court for the District of Massachusetts, plaintiff Hasbro, Inc., by its attorneys, hereby request that defendants produce for inspection and copying the documents and things requested below at the offices of Hanify & King, Professional Corporation, One Beacon Street, Boston, MA 02108-3107, on or before January 31, 2004, or such earlier date as may be agreed upon or ordered by the Court.

### Definitions and Instructions

    A.    Your attention is drawn to Fed. R. Civ. P. 26(b)(5) concerning the obligations relating to claims of privilege and to Local Rule 26.5 for definitions applicable to this discovery request.

    B.    Reference to any defendant includes any and all persons acting on the party's or parties' behalf, including any representative as defined to include without limitation the officers, employees, directors, management personnel, supervisors,

*394710*

permanent temporary personnel, and any other person representing or purporting to represent in any capacity the party as to whom the term is used.

    C.    The term "document" means the original and each and every non-identical copy of the original of any writing, graphic matter, or other medium upon which intelligence or information can be recorded or retrieved, correspondence, notes, interoffice and intra-office communications, emails, circulars, announcements, directories, declarations, affidavits, statements, filings, memoranda, agreements, contracts, legal instruments, reports, studies, work papers, records, instructions, specifications, notes, notebooks, scrapbooks, diaries, minutes, minutes of meetings, calendars, schedules, projections, plans, drawings, specifications, designs, sketches, pictures, photographs, photocopies, charts, graphs, curves, descriptions, accounts, journals, ledgers, bills, invoices, checks, receipts, motion pictures or videos, recordings, publications, transcripts of telephone conversations, sound recordings, and any other retrievable data (whether encoded, taped, punched, or coded, either electrostatically, electromagnetically, on computer, or otherwise), in your possession, custody, or control or known to you wherever located, however produced or reproduced, including any non-identical copy (whether different from the original because of any alterations, notes, comments, initials, underscoring, indication of routing, or other material contained in that document or attached to that document, or otherwise), and whether a draft or a final version. **NB. The definition of "document" specifically encompasses e-mail communications and other documents generated and stored electronically, whether stored on an active hard drive or on archive tapes or disks. The Defendant is**

**instructed to restore all archive tapes and disks to determine whether responsive documents are resident in archived files.**

  D. The following rules of construction apply:

    1. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

    2. The use of the singular form of any word includes the plural and vice versa. descriptions of the boxes, file folders, bindings or other containers are to be left intact.

  E. This request is a continuing request for all documents and things which are described below which may hereafter come into you possession, custody or control, and your attention is drawn to Fed. R. Civ. P. 26(e) concerning your obligation to supplement disclosures and responses.

  F. If an objection is made to any request set forth below, for each item and category objected to: (a) state the specific ground for each objection; (b) identify each document by giving its date, name of author, name of each addressee, and by giving any other information necessary to identify such document or part thereof; and (c) provide a description of the subject matter in each document or item. Similarly, if any defendant intends to object to producing documents on the grounds that they constitute trade secrets or other confidential business information, that defendant is invited to contact counsel for plaintiffs as soon as possible to discuss a suitable protective order.

*394710*

G.  If any document covered by this Request is withheld by reason of a claim of privilege, work product or other ground of non-production, a list is to be furnished at the time that documents are produced identifying any such document for which the privilege is claimed ("List of Privileged Documents"), specifically by its nature (e.g., letter, memorandum, etc.), together with the following information with respect to any such document withheld: author(s); recipient(s); sender(s); indicated or blind copies; date; subject matter; basis on which the privilege is claimed; number of pages; and the paragraph(s) of this Request to which such document relates.

H.  If a portion of an otherwise responsive document contains information subject to a claim of privilege, only those portions of the documents subject to the claim of privilege shall be deleted or redacted from the document and the rest of the document shall be produced. If any portion of an otherwise responsive document is deleted or redacted from the document, those portions are to be added to the List of Privileged Documents, as well as the basis on which any privilege or other ground for non-production is claimed.

I.  If no documents are in existence that are responsive to a particular request or subsection thereof, your answer must so indicate.

The term "Products at Issue" refers to any and all of the spinning top toys and associated packaging sold by any of the defendants or their agents, whether at wholesale or at retail; said Products sometimes being referred to by the defendants or their agents as "Super Top Fighters", "RC Spinning Tops", RC Top Fighters", "BeyBlade", "Magnetic Tops", "Magnetic Spinning Tops", "Super Top Gun", "Remote Control Tops." **NB. "Products at Issue" includes all banners and promotional material associated with**

*394710*

**the marketing and sale of the above toys, including, but not limited to, marketing material bearing the slogan, "Let it Rip."**

### Requests

1. Two samples of each of the Products at Issue.

2. All documents concerning purchases, sales, or shipments of the Products at Issue, including but not limited to purchase orders, shipping documents, confirming memoranda or e-mails and invoices.

3. All documents constituting or concerning any efforts to market or solicit any purchases of the Products at Issue, and all documents constituting or concerning any promotion, or advertising of the Products at Issue.

4. All distributor agreements between any of the defendants and any third parties where said third parties have marketed or displayed any of the Products at Issue.

5. All photographs of any "Super Top Fighters" Kiosks, together with any documents that identify the owner or operator of the Kiosk, and the location of the Kiosk.

6. All documents concerning the manner in which the Products at Issue have been displayed for sale to the public.

7. Documents sufficient to show the ownership or management of the defendant LLCs and any retail sellers of the Products at Issue.

8. All documents mentioning or concerning the Beyblade name or toys.

9. All documents concerning comments about the Products at Issue,

*394710*

including but not limited to comments or queries about their source or origin.

10. All documents submitted to the United States Customs Service in connection with the importation of any of the Products at Issue.

11. All documents concerning re-labeling of the Products at Issue.

12. All documents concerning a letter dated October 20, 2003, from Kim J. Landsman to Messrs. Raibi and Cohen, this litigation, or the claims asserted by Hasbro, including but not limited to any response to the letter.

13. Documents evidencing any deductions from revenues that defendants intend to claim to arrive at their profits from sales of the Products at Issue.

HASBRO, INC.

By its attorneys

Daniel J. Lyne (BBO#309290)
HANIFY & KING,
Professional Corporation
One Beacon Street
Boston, MA 02108-3107
(617) 423-0400

-and-

Kim J. Landsman
PATTERSON, BELKNAP, WEBB &
TYLER LLP
1133 Avenue of the Americas
New York, New York 10036-6710
(212) 336-2000

Dated: January 9, 2004

394710

## CERTIFICATE OF SERVICE

I, Daniel J. Lyne, hereby certify that on this date I caused a copy of the foregoing document to be served on each defendant by Certified Mail, return receipt requested, with a copy by First Class U.S. Mail to Joseph W. Bain, Esq., Akerman Senterfitt & Eidson, PA, Esperante Building, 222 Lakeview Avenue, Suite 400, West Palm Beach, FL 33401-6183.

_____
Daniel J. Lyne, Esq.

Dated: January 9, 2004

*394710*